560 A.2d 909

**Gary WHITLING, Appellant,**

v.

**KEYSTONE SCHOOL DISTRICT, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1989.

Decided June 21, 1989.

Petition for Allowance of Appeal Denied March 2, 1990.

William J. Maikovich, New Brighton, for appellant.

Ellis H. Katz, Curtin and Heefner, Morrisville, for appellee.

Before BARRY and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Appellant Gary Whitling appeals from the April 21, 1988 order of the Court of Common Pleas of Clarion County which dismissed Appellant's appeal from a decision of the Keystone School District Board of Directors (Board) to furlough Appellant from his position as a professional employee of the School District. The issue presented here is whether Appellant's furlough prior to commencement of the 1987–88 school year violated Section 1125.1 of the Public School Code of 1949 (School Code)[1] in that the School District failed to consider Appellant's anticipated certification in driver education.

The record demonstrates that Appellant, certified in chemistry, was hired as a professional employee of the District on November 10, 1976. He taught in the science department and was the least senior employee in that department at the time of the Board's decision. By letter dated May 27, 1987, the Board of Directors of the District notified Appellant that due to a substantial decrease in student enrollment, the District would curtail its vocational-agricultural department and that Appellant would be suspended effective June 30, 1987 as a result of this curtailment approved by the Board on May 21, 1987. The department consisted of one instructor, Thomas L. McCoy (McCoy), who was certified to teach agricultural and general science. McCoy, hired on August 12, 1974, was moved to the science department as a result of the curtailment.

Hearing was held before the Board on Appellant's appeal after which the Board upheld the decision to suspend Appellant. At hearing, Appellant presented evidence that he was

1. Section 1125.1 of the School Code, Act of March 10, 1949, P.L. 30, *as amended*, added by Section 3 of the Act of November 20, 1979, P.L. 465, *as amended*, 24 P.S. § 11–1125.1.

enrolled in courses which would lead to certification in driver's education on August 13, 1987. The Board entered its adjudication on July 20, 1987 in which it concluded, *inter alia,* that the School District must consider Appellant's certification record at the time of suspension and that the School District is not required to anticipate Appellant's certification in driver's education; that the radical realignment or checkerboarding suggested by Appellant, which would result in a general science instructor with twenty-two years' seniority replacing the guidance counselor with three years' seniority, is neither mandatory under the School Code nor educationally sound; additionally that Appellant's suspension from the science department is educationally sound. Board Conclusions of Law, Nos. 6–7, 10–16.

Appeal was thereafter filed by Appellant to the trial court contesting the District's failure to anticipate Appellant's expected certification in driver's education and to realign him as the driver's education instructor thereby requiring furlough of a less-senior employee. The trial court affirmed the Board's order to suspend Appellant holding that the District possessed the discretion to determine whatever date it desired for furlough of employees and that on the furlough date established for Appellant, there was no definite information that he would be certified in driver's education.

■■ Section 1125.1 of the School Code provides in part that:

(a) Professional employes shall be suspended under section 1124 (relating to causes for suspension) in inverse order of seniority within the school entity of current employment. . . .

. . . .

(c) A school entity shall realign its professional staff so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employes.

The District contends that the only argument presented by Appellant is that he anticipated an additional certification in

driver education which would allow his reassignment as the driver education instructor and cause the furlough of a less-senior professional employee. The District argues that nothing exists in the School Code requiring the Board to anticipate Appellant's certification and that the Board properly relied upon Appellant's record at the time of his suspension effective June 30, 1987.[2]

■ Both Appellant and Appellee have set forth their respective analyses of the Supreme Court's decision in *Jarrett v. Wattsburg Area School Dist.*, 516 Pa. 555, 533 A.2d 1008 (1987) which reversed a prior decision by this Court and remanded the record for disposition of issues related to alternate grounds for the trial court's reversal of the School Board's decision to suspend Jarrett. *See Wattsburg Area School Dist. v. Jarrett*, 121 Pa.Commonwealth Ct. 478, 550 A.2d 1379 (1988). In affirming the trial court upon remand, this Court relied upon the Supreme Court's holding in *Gibbons v. New Castle Area School Dist.*, 518 Pa. 443, 449, 543 A.2d 1087, 1089 (1988) where the following pronouncement was made:

Section 1125.1, like its predecessor, established a legislative policy on how school districts are to reduce staff while protecting the job seniority interests of tenured professional employees. It would give undue weight to the seniority preference of subsection (c), which is only a constituent part of this policy, to remove it from this context and treat it as an overarching statement of the primacy of seniority in the placement of professionals generally. Nothing about Act 1979–97 indicates that it was intended to alter the longstanding statutory grant of discretion to school boards to appoint professional staff on the basis of the educational needs of the district, *See* 24 P.S. § 5–508, beyond requiring that the diminishment of professional employees' status be accomplished according to seniority.

---

**2.** This Court must affirm the trial court unless it finds a violation of Appellant's constitutional rights, an error of law, a manifest abuse of discretion, or that any necessary findings of fact are not supported by substantial evidence. *Sto–Rox School Dist. v. Horgan*, 68 Pa.Commonwealth Ct. 416, 449 A.2d 796 (1982).

Thus, based upon the Supreme Court's ruling, this Court concluded in *Wattsburg Area School Dist.* that the trial court properly determined that the school district erred in placing higher priority on seniority than on the educational and practical implications of its realignment decision.

▪ It is therefore the decision of this Court in the matter *sub judice* that the Board's conclusions of law and decision upholding Appellant's suspension are consistent with the law as the school district may properly consider the educational soundness and practical implications of its decision as well as seniority.[3] The trial court is affirmed.

### ORDER

AND NOW, this 21st day of June, 1989, the order of the Court of Common Pleas of Clarion County is hereby affirmed.

---

**3.** Appellant's argument that the Legislature, in enacting Section 1125.-1, has limited the School District's discretion to determine when furloughs shall occur has been appropriately disposed of by the Supreme Court in *Gibbons.*