625 A.2d 153

**William DILLEY, Appellant,**

v.

**SLIPPERY ROCK AREA SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued March 1, 1993.

Decided May 3, 1993.

Todd C. Park, for appellant.

Timothy R. Bonner, for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

William Dilley appeals from an order of the Court of Common Pleas of Butler County affirming his demotion by the Slippery Rock Area School District (School District). We affirm.

Dilley is an industrial arts teacher employed by the School District. Due to declining enrollment in industrial arts classes, the School District demoted Dilley from a full-time teaching position to a half-time position. Dilley had ten years' seniority. At that time, there was another full-time teaching position entitled "elementary gifted specialist" held by Kathleen Nachtman, who had only seven years' seniority.

The basic requirement for the elementary gifted specialist position is the Pennsylvania Instructional Teaching certificate, which both Nachtman and Dilley hold. However, the elementary gifted specialist must also have a "program specialist" certificate. Nachtman holds a "program specialist" certificate in addition to her Pennsylvania Instructional Teaching certificate. Dilley has no such certificate.

Teachers cannot obtain program specialist certificates through their own efforts. Rather, program specialist certificates are granted pursuant to 22 Pa.Code § 49.62a, which provides in pertinent part:

(a) The Department may issue a school program specialist certificate, at the request of the employing public school entity, to an applicant whom the Department verifies as meeting the qualifications and competencies needed to perform the duties and functions of a locally established professional position as set forth by a description of the position approved by the local board of directors.

The School District created the elementary gifted specialist position to provide small group instruction to gifted students in grades two through five. An important component to this instruction is computer usage. Thus, the job description of the elementary gifted specialist position requires training in computer usage. Nachtman has twenty-seven graduate credits in computer usage and education. Dilley has no experience or training in computers or computer education.

After a hearing, the School District affirmed Dilley's demotion on the grounds that he was not qualified for the elementary gifted specialist position held by Nachtman. The trial court affirmed.

The sole issue raised on appeal[1] is whether the trial court erred in concluding that § 1125.1(c) of the Public School Code[2] did not require the School District to put Dilley in Nachtman's position because he had greater seniority.

The essence of § 1125.1(c) is to allow Teacher A to "bump" Teacher B if Teacher A is more senior than Teacher B *and* Teacher A is "properly certificated" to fill Teacher B's position. In the case before us, we agree with the trial court that, although Dilley has more seniority than Nachtman, he is not "properly certificated" to fill her position. He did not possess the required program specialist certificate, nor did he possess the qualifications needed to obtain one. The job description specifically states that training in computers is required; Dilley has no such training.

Dilley argues, and the record reflects, that the School District could have altered the job description to match his

1. This court must affirm the trial court unless it finds a violation of appellant's constitutional rights, an error of law, a manifest abuse of discretion or that any necessary findings of fact are not supported by substantial evidence. *Whitling v. Keystone School District*, 127 Pa.Commonwealth Ct. 34, 560 A.2d 909 (1989).

2. Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11–1125.1(c). This section provides:

   A school entity shall realign its professional staff so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employes.

own qualifications and make him a more acceptable candidate for the position. (R.R. at 27–29.) However, this would require the School District to revise its gifted student program and alter a pre-established professional position. Requiring this of the School District takes the § 1125.1(c) preference for seniority too far.

Dilley urges that the facts in this case are identical to those in *Dallap v. Sharon City School District,* 524 Pa. 260, 571 A.2d 368 (1990). In *Dallap,* seven teachers were suspended in a realignment prompted by declining enrollment. Each of the seven teachers was more senior than the coordinator of the program for gifted students (coordinator). The superintendent did not wish to suspend the coordinator because she had "special talents" and had been involved with the gifted program from its inception. He considered it educationally unsound and disruptive to replace her. Our supreme court rejected the Sharon City School District's contention that educational soundness may override the § 1125.1(c) preference for seniority, and held that § 1125.1(c) required that the coordinator be suspended and replaced with one of the teachers with more seniority.

There is a certain degree of factual similarity between this case and *Dallap.* Both Dilley and the *Dallap* appellants were adversely affected by realignments due to declining enrollment, and both sought placement into positions involving work with gifted students. However, the critical facts in these two cases are vastly different. The "coordinator" position in *Dallap* did not require a program specialist certificate. All of the *Dallap* appellants were unquestionably certificated for the position, but the school district retained the incumbent coordinator on grounds that it was more "educationally sound" to do so.

By contrast, the position Dilley seeks requires special certification which Dilley does not possess and could not possibly obtain, given that the elementary gifted specialist job description requires training which he does not have. The School District retained Nachtman not because it was more "educationally sound" to do so but rather because Dilley was not

qualified for the job. Had Dilley been qualified for Nacht-man's position, *Dallap* would have controlled this case. However, Dilley was not qualified for the job; therefore, *Dallap* is not on point.

Although § 1125.1(c) requires school districts to realign staff so that a more senior employee can fill a position held by a less senior employee *if the more senior employee is properly certificated,* it does not require school districts to change previously-established educational programs or the job descriptions for teachers working within those programs in order to enable the more senior employee to be properly certificated.

Accordingly, we affirm.

## ORDER

AND NOW, this 3rd day of May, 1993, the order of the Court of Common Pleas of Butler County, dated July 10, 1992, is affirmed.